COURT OF CHANCERY
OF THE
STATE OF DELAWARE

Sam Glasscock III
VICE CHANCELLOR

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

Date Submitted: July 15, 2022
Date Decided: August 18, 2022

Michael Wagner, Esquire
Neal Belgam, Esquire
Jason Miller, Esquire
Smith, Katzenstein & Jenkins LLP
1000 N. West Street, Suite 1501
Wilmington, Delaware 19801

Thomas Macauley, Esquire
Macauley LLC
300 Delaware Avenue, Suite 1018
Wilmington, Delaware 19801

RE: *Knott Partners L.P. v. Telepathy Labs, Inc.,*
  C.A. No. 2021-0583-SG

Dear Counsel:

This Letter Opinion addresses Plaintiff Knott Partners L.P.'s pending Interim Fee Petition (the "Motion").[1] The Motion seeks over $250,000 in attorney's fees and expenses associated with a portion of a single count of the Complaint.[2]

---

[1] Pl.'s Interim Fee Pet., Dkt. No. 80. This matter remains ongoing; the fee petition here is interim in nature. Such petitions are disfavored for reasons of judicial and litigants' economy; nonetheless, since I find the petition readily resolvable, I address the interim petition here.

[2] *See* Opening Br. in Supp. of Its Interim Fee Appl., Dkt. No. 84 [hereinafter "OB"]; *see also* Pl. Knott Partners L.P. Books and Rs. Verified Compl. Against Def. Telepathy Labs, Inc., Dkt. No. 1. The complaint contains plenary claims in addition to the books and records count; the books and records count was bifurcated out for purposes of trial, and was further bifurcated for purposes of determining whether the Plaintiff was in fact a stockholder or beneficial holder entitled to Section 220 rights. That is, the books and records count has not been fully addressed to date.

The general rule applied to fee awards is the American Rule, which advises that each party bears its own fees and costs.[3] Delaware follows the American Rule.[4] The American Rule has certain notable exceptions, including the bad faith exception, the common fund exception and the corporate benefit exception.[5] The bad faith exception, argued here, is applicable where a losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons,"[6] and "applies only in extraordinary cases" to prevent future abusive litigation.[7] Examples include parties unnecessarily prolonging or delaying litigation, falsifying records, knowingly asserting frivolous claims, misleading the court, altering testimony, or changing position on a contested issue.[8]

Here, the Plaintiff argues that Defendant Telepathy Labs, Inc. ("Telepathy") acted in bad faith by failing to acknowledge the Plaintiff's status as a stockholder, necessitating the first phase of this litigation, where I ultimately issued a post-trial memorandum opinion determining that the Plaintiff was indeed a stockholder of Telepathy (the "Memorandum Opinion").[9] The Memorandum Opinion rested in part on certain concessions I found Telepathy to have made regarding Knott Partners's status as a stockholder, despite the apparent *lack* of reflection of such

---

[3] *See, e.g.*, *Dover Hist. Soc'y, Inc. v. City of Dover Plan. Comm'n*, 902 A.2d 1084, 1089 (Del. 2006) (citing *Chrysler Corp. v. Dann*, 223 A.2d 384, 386 (Del. 1966)).
[4] *See id.* at 1090.
[5] *Id.* (citing *In re First Interstate Bancorp Consol. S'holder Litig.*, 756 A.2d 353, 357 (Del. Ch. 1999)); *id.* at 1093.
[6] *Slawik v. State*, 480 A.2d 636, 639 n.5 (Del. 1984) (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)).
[7] *Dover Hist. Soc'y*, 902 A.2d at 1093.

2

status on the Company's stock ledger at the time of the original books and records demand.[10]

I have reviewed the papers submitted in connection with the Motion. The papers, and the record presented at the November 2021 trial, are insufficient to demonstrate bad faith by Telepathy. As Telepathy points out, the Plaintiff's argument—whether it was a stockholder of record or a beneficial stockholder at the time it issued its demand—underwent evolution throughout the pre-trial stages of this litigation.[11] Ultimately, the "necessity to litigate" the question of stockholder status, as the Plaintiff terms it, is attributable to both parties—not merely Telepathy—because of the various different arguments the Plaintiff raised in support of its claim.[12] The question of whether Knott Partners was a beneficial owner of Telepathy stock, as construed in conjunction with the statutory language of Section 220 of the Delaware General Corporation Law, was clearly a genuinely contested issue. I found by clear and convincing evidence in the Memorandum Opinion that Knott Partners was in fact a stockholder for purposes of Section 220, in a tightly cabined[13] decision that involved extension of prior Section 220 caselaw. Given the Memorandum Opinion's posture, I cannot find that Telepathy

---

[8] *See id.* (quoting *Beck v. Atlantic Coast PLC*, 868 A.2d 840, 850–51 (Del. Ch. 2005)).

[9] *See, e.g.*, *Knott Partners L.P. v. Telepathy Labs, Inc.*, 2021 WL 5493092 (Del. Ch. Nov. 23, 2021); OB 8.

[10] *See generally id.* at *5.

[11] Def. Telepathy Labs, Inc.'s Answering Br. in Opp'n to Pl.'s Interim Fee Pet. 10–11, Dkt. No. 88.

[12] OB 1.

[13] Or so I hope.

engaged in bad faith conduct during this phase of the litigation, even though the Memorandum Opinion rested in part upon concessions by Telepathy.

Because the Plaintiff has not shown bad faith in connection with its contested status as a Telepathy stockholder, it cannot avail itself of the bad faith exception to the American Rule with respect to this issue, either now or at the conclusion of this action.

The Motion is denied. To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Vice Chancellor Sam Glasscock III

4